IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE | : | Case No. 19-13919-AIH |
| | : | |
| DE'BORAH ANN TRAYLOR AND | : | |
| IRA TRAYLOR, | : | JUDGE: ARTHUR I. HARRIS |
| | : | |
| Debtors. | : | CHAPTER 7 CASE |
| | : | |

## DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO DISMISS CASE

NOW COMES De'Borah and Ira Traylor, Debtors, by and through his counsel, Arleesha Wilson. and for their response to Trustee's Motion to Dismiss Bankruptcy Case, filed on August 28, 2019 (Document No. 31), states that cause for dismissal under § 707(a) is not present in this case. For reasons more fully set forth in the attached memorandum in support, the Trustee's motion should be denied.

Respectfully submitted,

/s/Arleesha Wilson
Arleesha Wilson, Attorney for Debtors
Law Office of Arleesha Wilson
4208 Prospect Avenue
Cleveland, Ohio 44103
(216) 688-7112
justice@attorneyawilson.com

# MEMORANDUM IN SUPPORT OF DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO DISMISS

## I.  INTRODUCTION & BACKGROUND

Debtor commenced a case for Chapter 13 on June 24, 2019.  Debtor later converted the case to Chapter 7 with the belief that they could use exemptions to avoid discharge of their home and car.  What debtors did not know was that more was required to exempt property than is stated in the letter of the law.  As soon as debtors learned that the creditor associated with their car would not reaffirm their debt, debtors moved this Court for a conversion back to Chapter 13. Creditors simply wish to realize the benefit of the Bankruptcy Code—achieving a fresh start—while also keeping their only assets, namely their home and car. Yet, Trustee moves this court to deny debtor's their opportunity to achieve a fresh start vis a vis it's motion to dismiss the case pursuant to 11 U.S.C. § 707(a)(1). Since the reasons Trustee states for dismissal are not attributable to debtor, as the law requires, Debtors urge this Court to deny said motion.

## II.  DISCUSSION

### a.  *Standard for dismissal under 11 U.S.C. § 707(a)(1)*

Section 707(a) of the Bankruptcy Code provides: the court may dismiss a case under this chapter only after notice and a hearing and only for cause, including–(1) unreasonable delay by the debtor that is prejudicial to creditors.  (Remainder of statute omitted for lack of relevance).  It is held that the purpose of the for-cause dismissal is to protect the integrity of the bankruptcy system. See, *In re Weeks*, 306 B.R. 587 (Bankr.E.D.Mich.2004). Further, a "lack of good faith" is a valid basis of decision in a "for cause" dismissal under § 707(a). See, *In re Zick*, 931 F.2d 1124, 1127 (6th Cir. 1991).  It has also been held that a for cause dismissal under §707(a) are generally

reserved for egregious cases, where good faith and candor, necessary prerequisites to obtaining a fresh start, are not displayed.

### b. *Trustee has failed to show how any action of the debtors meet the standard 11 U.S.C. § 707(a)(1) requires.*

A review of caselaw shows the standard set forth in § 707(a) requires egregious or unacceptable behavior on behalf of the Debtors. No provision of the Bankruptcy Code, the Bankruptcy Rules or any other authority requires the Court to dismiss a debtor's case merely because he or she hired a new attorney.

Here, the reasons that are stated as "cause" by U.S. Trustee are not on par with those enumerated in § 707(a). In short, Trustee claims that cause exists to dismiss this case based on the following:

> (i) *Case docket is replete with filing deficiencies and orders to show cause, some of which have not been satisfied, and*
>
> (ii) *lack of notice to creditors.*

The filing deficiencies and lack of notice to creditors that Trustee points out exist simply because the undersigned counsel is a new lawyer who admittedly misfiled the original petition. The creditor matrix and other required documents were all filed with the petition as one document. Consequently, several filing deficiencies were issued on the docket. However, once the undersigned became aware that each document should have been filed and coded separately, corrective action was taken without unreasonable delay. Trustee cannot point to any facts in this case that show debtors sought to cause unreasonable delay. Trustee cannot point to any facts that show debtors threatened the integrity of the Bankruptcy system. As such, it is requested that this Court use its discretion to deny Trustee's motion, given the circumstances that exist are not

attributable to any bad faith on behalf of debtors or their counsel. Further, a docket "replete with filing deficiencies," many of which have since been corrected, is not a satisfactory explanation as to how an objective of bankruptcy law could be furthered by dismissal.

### c. Principles of equity also urge this court to dismiss Trustee's motion.

Not only is there no facts that point to the need for a dismissal under § 707(a), principles of equity that underly the bankruptcy system also urge this court to deny Trustee's motion. It is well settled that Bankruptcy courts are courts of equity. *In re Madeline Marie Nursing Homes*, 694 F.2d 433 (6th Cir. 1982)). It follows that equity requires this Court to hold substance will prevail over form. *Id*. The reasons stated in Trustees motion in support of dismissal all place form over substance. Filing the documents with the incorrect ECF code is purely form. The substance of each document was there, they were just not coded properly.

In all, both Debtors are deserving of a fresh start and it would be inequitable to penalize them for something they did not do. Stating reasons that are attributable to the attorney and not the debtor does not justify a conclusion that debtors are undeserving of the protections afforded by the Bankruptcy Code. Further, dismissal based on a docket "replete with filing deficiencies" is not warranted when considering principles of equity that underly the Bankruptcy Code.

### III. CONCLUSION

WHEREFORE, De'Borah and Ira Traylor, Debtors, by and through counsel, respectfully request that the Court enter its order denying U.S. Trustee's Motion to Dismiss Chapter 7 Bankruptcy Case, and for such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    /s/Arleesha Wilson
    Arleesha Wilson, Attorney for Debtors

# CERTIFICATE OF SERVICE

I hereby certify that on the **17th day of September, 2019**, I filed the foregoing electronically through the CM/ECF system, which caused the following to be served by electronic means:

David O Simon, Chapter 7 Trustee
55 Public Square, Suite 2100
Cleveland, OH 44113
(216) 621-6201
david@simonlpa.com

                                                  Respectfully submitted,

                                                  /s/Arleesha Wilson_____
                                                  Arleesha Wilson, Attorney for Debtors